**In re SOUTHERN COMMODITY CORP., Debtor.**

**Bankruptcy No. 85–01103–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

April 30, 1986.

Howard J. Berlin, Britton, Cassel, et al., Miami, Fla., for debtor.

Smathers & Thompson, Miami, Fla., for the Creditors' Committee.

Leon B. Kellner, U.S. Atty., Marilynn G. Koonce, Asst. U.S. Atty., Miami, Fla., for the United States of America.

## ORDER ON U.S. MOTION TO PERMIT LATE–FILED CLAIM

THOMAS C. BRITTON, Chief Judge.

The motion (C.P. No. 186) of the United States for leave to file a claim in the amount of $1 million in this chapter 11 case was heard on April 28. It is opposed by the creditors' committee whose chapter 11 plan is presently under consideration by this court.

In proceedings held March 20 before District Judge Aronovitz, the court approved a plea bargain in which this debtor agreed to pay the sum in question in restitution and fines. During that determination, Judge Aronovitz expressly advised the parties now before me that questions as to the timeliness of the Government claim in bankruptcy and the validity, priority, amount and effect of that claim are to be considered and resolved by this court.

The deadline for the filing of claims in this case was September 30, 1985. The Government concedes that it had actual notice of the bankruptcy proceeding. Bankruptcy Rule 3003(c)(3) provides that:

> The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done *where the failure to act was the result of excusable neglect.* (Emphasis added).

In *Biscayne 21 Condominium Assoc., Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 817–19 (11th Cir. 1985), it was held that proof of excusable neglect in this context requires proof that:

> the failure to timely perform a duty was due to circumstances which were beyond

**6**

the reasonable control of the person whose duty it was to perform.

In this instance, $202,000 of the Government's claim was for fines and penalties which did not arise and could not have reasonably been asserted or anticipated before March, 1986, six months after the claims bar date. To that extent, I find that the Government's failure to file a claim resulted from excusable neglect and the Government's motion is granted for the filing of a claim in that amount.

However, the remaining $798,000 of the Government's claim is for restitution of improper refund of taxes on sugar obtained by the debtor under 18 U.S.C. § 287. The Government has not shown that it did not know that this debtor had obtained improper refunds and, therefore, that it had a claim. The Government's only excuse for failure to act in time is that it was not certain of its entitlement to this restitution until its claim was recognized and fixed during the criminal proceedings before the District Court. The term "claim" for bankruptcy purposes is not restricted to liquidated or undisputed claims. 11 U.S.C. § 101(4). The claims' bar date is applicable to all claims. This court is granted summary jurisdiction to determine claims, including tax liability. § 505. A procedure is provided for the estimation of unliquidated claims in this court when the fixing or liquidation would unduly delay administration. § 502(c)(1).

I find, therefore, that the Government's failure to file the remainder of its claim before the bar date in this case was not the result of excusable neglect and its motion for leave to file a claim to that extent is denied.